UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 07-384 |
| | * | |
| v. | | SECTION  "J"(1) |
| | * | |
| DERRICK D.T. SHEPHERD | | |
| *   *   * | | |

GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT
OF REVOCATION OF RELEASE AND DETENTION OF
DEFENDANT SHEPHERD PURSUANT TO 18 U.S.C. § 3148(b)

**NOW INTO COURT** comes the United States of America, appearing herein through the undersigned Assistant United States Attorneys, and files this memorandum of law in support of Revocation and Detention of Defendant Shepherd Pursuant to 18 U.S.C. § 3148(b).  For the reasons outlined below, this court should revoke the defendant's conditional release and order that he be detained pending trial.

## PROCEDURAL HISTORY

On April 10, 2008, a Grand Jury indicted Derrick D.T. Shepherd ("Shepherd") and charged him along with his co-defendants in a 41-count indictment alleging violations of federal law.  The indictment alleges, among other things, that Shepherd played an integral part in a conspiracy to commit mail fraud, wire fraud, and money laundering by enabling co-defendant

1

Gwen Moyo to fraudulently sell worthless bid bonds to several unsuspecting small businesses. Until yesterday, Shepherd had been out on bond pursuant to an order setting conditions of his release.  (Ex. A, Conditional Release Order dated 4/23/08).[1]  The Conditional Release Order directed Shepherd to comply with various restrictions, including that he refrain from committing "any offense in violation of federal, state or local law while on release in this case."  Id. at 1. Shepherd signed the order, acknowledging that "a violation of any . . . conditions of release may result in the immediate issuance of a warrant . . . a revocation of release, [and] an order of detention," and promising to obey all conditions.  Id. at 3.

On July 26, 2007, in spite of this promise, Shepherd intentionally violated this order when he committed several state crimes and was arrested by Jefferson Parish Police officers for the unauthorized entry into his ex-girlfriend's home, simple battery and theft of over five hundred dollars.  (Ex., "Search Warrant" dated July 28, 2008).  A state court commissioner found probable cause that Shepherd committed these crimes and issued warrants permitting searches of Shepherd's car and home.  (Id.)

At hearing, the Government will demonstrate that Shepherd has a history of similar violent encounters and arrests, often involving the theft of items by Shepherd from the victim.

**RELEVANT FACTS**

According to the facts as recounted in the Search Warrant, Shepherd's ex-girlfriend, Thaise Ashford, contacted the police early in the morning on July 26, 2008 to report that Shepherd had "forced entry into her residence," punched her in the stomach, and took her cell phone and a one hundred dollar bill.  (Ex. B at 2).  When Detective Barteet arrived on the scene

---

[1]The documents cited in this Memorandum of Law are attached hereto as exhibits A through E, and are true and correct copies thereof.

to further investigate, Ashford explained that Shepherd had called her cell phone repeatedly, beginning at 2:00 a.m. (Id.) Fifteen minutes after the last call, she heard rocks hitting her bedroom window. (Id.) She ignored the sound until it increased in intensity and she went downstairs and opened the door to find out what was happening. (Id.) When the door opened, Shepherd entered the house without Ashford's consent. (Id.) Ashford observed that Shepherd was intoxicated. (Id.) After some arguing about why Ashford did not want to be in a relationship with him, Shepherd struck Ashford in the stomach. (Id.) Ashford fled to the second floor bedroom, but Shepherd forced the door of the bedroom open with such force that he damaged the doorframe. (Id.) After being locked out of her house for 45 minutes, Ashford pushed her way back in the house and called 9-1-1. (Id.) Later that day, Ashford gave a detailed statement of the incident to Detective Barteet. (Ex. C, Transcribed Audio Statement of Thaise Ashford).

After leaving Ashford's home, Shepherd drove to the home of Ashford's mother, Sharon Ashford. (Ex. B, at 3.) At around 4:10 a.m., Sharon Ashford heard loud banging on her door. (Id.) She went to the door and saw Shepherd pacing back and forth and using his cell phone. (Id.) Sharon Ashford realized that Shepherd was calling Ashford's sister, Hashawn Ashford, who was upstairs. (Id.) Hashawn later confirmed that she received calls from Shepherd's cell phone at this time. (Id.) Both Sharon and Hashawn Ashford gave detailed statements to Detective Barteet later that day. (Exs. D and E, Transcribed Audio Statements of Sharon Ashford and Hashawn Ashford.)

Detective Barteet obtained arrest and search warrants from Commissioner Caroline Kiff. (Ex. B.) He arrived at Shepherd's residence on Lake Michel and found Shepherd with two

3

female companions.  (Id. at 4.)  Detective Barteet placed Shepherd under arrest.  (Id.)  He executed the search warrant and found the victim's cell phone in Shepherd's possession.  (Id.)

## ARGUMENT

**1.     Relevant Law**

Section 3148(a), entitled "Sanctions for violation of a release condition," states that a defendant is subject to a "revocation of release" and "an order of detention" where the defendant has been released pending trial, and has violated a condition of his release.  See 18 U.S.C. § 3148(a).  Because Shepherd violated the condition of his release that he refrain from violating state law, Shepherd's behavior falls squarely under the provisions set forth in § 3148(b).

Section 3148 provides that

> [t]o the extent practicable, a person charged with violating the condition of release that such person no commit a Federal, State or Local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.  The judicial officer shall enter an order of revocation and detention, if, after a hearing, the judicial officer
>
> (1) finds that there is –
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; *or*
>
> (B) clear and convincing evidence that the person has violated any other condition of release;
>
> *and*
>
> (2) finds that—
>
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; *or*
>
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a ***rebuttable presumption arises*** that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

18 U.S.C. § 3148(b) (emphasis added).

Section 3148(b) contains a two-pronged test where both § 3148(b)(1) and § 3148(b)(2) must be satisfied. The Court need only find that one element in subsection § 3148(b)(1) and one element in subsection § 3148(b)(2) has been satisfied in order to revoke the defendant's conditional release and impose detention. As to § 3148(b)(1), the Court need only find that there is probable cause to believe that the defendant committed a "Federal, State, or local crime while on release." U.S. v. Aron, 904 F.2d 221, 224 (5th Cir. 1990). As to § 3148(b)(2), the rebuttable presumption applies and the government does not need to show that section § 3148(b)(2) has been satisfied, since there is also probable cause that the defendant committed "a Federal, State, or local felony." 18 U.S.C. § 3148(2) (emphasis added). If the rebuttable presumption applies, the Court can assume without a showing, that "no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148; see Aron, 904 F.2d at 224 ("A finding of probable cause under § 3148(b)(1)(A) carries with it a rebuttable presumption that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.").

Probable cause under § 3148(b) is not a stringent standard. Aron, 904 F.2d at 227. Such a finding only requires that "the facts available to the judicial officer warrant a man of reasonable caution in the belief that the defendant has committed a crime while on bail." Id at 227; see also U.S. v. Mackie, 46 F.3d 66, at * 2 (5th Cir. 1995).

**2.    Shepherd Should Be Detained Pending Trial Pursuant § 3148(b)**

a.    *First Prong*: Probable Cause Exists To Believe That Defendant Shepherd Committed A State Crime While On Release, In Satisfaction Of § 3148(b)(1)(A)

Shepherd satisfies § 3148 (b)(1)(A) because there is probable cause to that he committed a state crime while he was on conditional release pending trial. 18 U.S.C. § 3148 (b)(1)(A). As stated in the "Relevant Facts" section above, a state commissioner found that there was probable cause to believe that Shepherd committed violations of Louisiana Revised Statutes, 14:62.3, 14.67 and 14.35, which are all violations of state law. In addition, based upon the information provided by Detective Barteet, who interviewed Ashford, her mother and sister, the commissioner had probable cause to believe that Shepherd entered Ashford's residence without her permission, struck her in the stomach and stole her cell phone. (Exs. C-E.) Courts have found that statements from witnesses are sufficient to establish probable cause. See Aron, 904 F.2d at 227 ("The affidavit plus the reputation testimony proffered by the United States establish . . . probable cause . . ."). In this case, the government has several documents that support probable cause: the transcribed statements from Ashford, her mother, and her sister, as well as the factual basis supporting the commissioner's search warrant.

b.    *Second Prong*: The Rebuttable Presumption Attaches, Satisfying § 3148(b)(2)

In cases where there is probable cause that a defendant committed a felony while on conditional release pending trial, a rebuttable presumption attaches which removes the need for the government to show, under § 3148(b)(2), that "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2)(A); see U.S. v. Aron, 904 F.2d at 224. Here, probable cause has been satisfied by the fact that the commissioner issued a warrant,

6

finding probable cause that Shepherd violated Louisiana Revised Statute 14:67, Theft over $500, a felony under Louisiana state law.

3.   **Even If The Rebuttable Presumption Did Not Attach, Defendant Shepherd's Conditional Release Should Be Revoked And He Should Be Detained**

Even without the rebuttable presumption, Shepherd's deliberate violations of the terms of his conditional release pending trial on serious federal criminal charges, establish that he is "unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. 3148(b)(2)(B). Courts have held that where a defendant intentionally violates a condition of his release, such as an intentional violation of state law, he is "unlikely to abide by any condition" of release and should be detained.  See U.S. v. Minor, Criminal No. 3:03-cr-120WS, 2007 WL 679997 at * 3 (S.D. Miss. March 2, 2007) (revoking release and ordering detention of defendant who intentionally violated conditions of release because no condition or set of conditions would ensure that defendant would abide by any court-imposed condition of release.); U.S. v. Campbell, 713 F. Supp. 220, 222 (N.D. Tex. 1989) (same).

In U.S. v. Minor, the court found that "no condition or set of conditions of release" would ensure that "Minor will not pose a danger to the safety of the community" and that "no condition or set of conditions will ensure that [he] abide by any court-imposed condition of release." U.S. v. Minor, Criminal No. 3:03-cr-120WS, 2007 WL 679997 at * 3 (S.D. Miss. March 2, 2007); U.S. v. Campbell, 713 F. Supp. 220, 222 (N.D. Tex. 1989).  In that case, Minor had been out on release pending trial and violated a condition of his release that he refrain from drinking alcohol and abide by certain geographical and other restrictions. Id. at *2.  Although Minor offered to abide by increased restrictions which included residing at his parents' home, posting a cash bond of $500,000, hiring a law enforcement monitor, and submitting to electronic monitoring, the

court found that his pattern of intentional violations gave little comfort that he would abide by any new court-ordered restrictions. Id. at * 3. The court noted that acceptance of Minor's proposal would "send a wrong message to a public often sensitive to whether justice is equal for both the rich and the poor." Id. at *2.

Here, as in Minor, Shepherd's intentional violation of his conditions of release illustrate that "no condition or set of conditions" will ensure that he abide by any new court-imposed restrictions. The fact that this Court's current Conditional Release Order did not deter Shepherd from committing intentional violations coupled with the fact that Shepherd has a pattern of domestic violence in his relationship with Ashford, shows that no conditions exist that would prevent Shepherd from committing future violations.

**CONCLUSION**

For all of the reasons outlined above, the Court should revoke Shepherd's conditional release and order than he be detained pending trial in this matter.

    Respectfully submitted,

    JIM LETTEN
    UNITED STATES ATTORNEY

    s/ GREGORY M. KENNEDY
    GREGORY M. KENNEDY
    Assistant United States Attorney
    Bar Roll No. 20896
    Hale Boggs Federal Building
    500 Poydras Street
    New Orleans, Louisiana  70130
    Telephone:  (504) 680-3102

    s/ MICHAEL W. MAGNER
    MICHAEL W. MAGNER
    Assistant United States Attorney
    Bar Roll No. 1206
    Hale Boggs Federal Building
    500 Poydras Street
    New Orleans, Louisiana  70130
    Telephone:  (504) 680-3103

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 29, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

      John W. Reed
      530 Natchez Street, Suite 350
      New Orleans, LA 70130

      Clarence Roby, Jr.
      3701 Canal St., Suite U
      New Orleans, LA 70119

      s/ Gregory M. Kennedy
      GREGORY M. KENNEDY
      Assistant United States Attorney