U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  OCT 1 0 2008

LORETTA G. WHYTE
CLERK

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Michael W. Magner*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*500 Poydras Street, Second Floor*
*New Orleans, LA   70130*

*Telephone : (504) 680-3103*
*Fax : (504) 589-4510*

October 9, 2008

The Honorable Carl J. Barbier
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

      Re:   **United States v. Derrick D.T. Shepherd**
            **Criminal Docket Number 07-384 "J"**

Dear Judge Barbier:

    In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the United States of America and Derrick D.T. Shepherd, the defendant in the above-captioned proceeding. Defendant's undersigned counsel has reviewed the terms of this Agreement; counsel for Derrick D.T. Shepherd has been advised by the defendant that the defendant fully understands the terms of this agreement.

**A.**    <u>**THE CHARGES**</u>

    The Government has agreed that in return for the defendant pleading guilty to Count 25 of the Superseding Indictment, charging him with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h), the Government will agree to move to dismiss, at the time of sentencing, the remaining counts in the Superseding Indictment. If this agreement is accepted by the Court, the government will not bring any other criminal charges against the defendant in the Eastern District of Louisiana regarding activities which relate to the defendant's participation in the activities set forth in the Superseding Indictment, or which are disclosed to the Government in the defendant's cooperation with the Government in response to questions they pose. The defendant acknowledges that the Court is not bound to accept this plea agreement.

_____Fee_____
_____Process_____
X /Dktd_____
___/CtRmDep_____
Doc.No._____

The Honorable Carl J. Barbier
October 9, 2008
Page 2

Shepherd further agrees that he will cooperate fully and in good faith with any and all agencies of the United States Government regarding these proceedings. Should Shepherd fail to meet these terms, the government reserves its right to prosecute the defendant for all counts charged against him in the Superseding Indictment.

**B.   MAXIMUM PENALTIES**

The defendant further understands that the statutory maximum penalty is a term of imprisonment of up to twenty (20) years and/or a fine of $250,000 or an alternative fine of twice the gross gain to the defendant or twice the gross loss to any victim.

It also is understood that the Court must order restitution to any victim in this case under the provisions of 18 U.S.C. § 3663, if the Court finds it appropriate to do so. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

**C.   SPECIAL ASSESSMENT**

Further, the defendant understands that a mandatory special assessment fee of $100 per count shall be imposed under the provisions of 18 U.S.C. § 3013. This special assessment must be paid on the date of sentencing.

**D.   SUPERVISED RELEASE TERM**

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to three (3) years pursuant to 18 U.S.C. § 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

The Honorable Carl J. Barbier
October 9, 2008
Page 3

### E. WAIVER OF APPEAL

Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

### F. SENTENCING GUIDELINES - MERELY ADVISORY

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

### G. DEFENDANT'S FULL AND TRUTHFUL COOPERATION

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever reasonably requested by United States law enforcement and intelligence authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any grand jury or trial jury and to testify truthfully. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant understands if he is not truthful, or withdraws from, or materially breaches this Agreement, said Agreement will be null and void, and notwithstanding any other provision of this agreement, the defendant may be prosecuted for perjury or making false statements, as well as any

The Honorable Carl J. Barbier
October 9, 2008
Page 4

other appropriate charges and any statements he has made can be used against him. Defendant further acknowledges that the aforementioned penalties apply fully to any material misrepresentation or omission in the Financial Statement he is obligated to provide pursuant to the provisions of paragraph H, infra.

The defendant further agrees, subject to Court approval, to a delay of his sentencing date until the completion of his cooperation, including his testimony in any trial(s).

In consideration of the defendant's willingness to acknowledge his guilt and accept responsibility for his wrongful conduct in compliance with the aforementioned conditions, the Government agrees that it will do the following:

1. The Government will bring to the attention of all federal courts, prosecutors and Probation Officers of any cooperation rendered to law enforcement by the defendant. However, the defendant's cooperation does not automatically require the Government to request a departure from the sentencing guidelines for substantial assistance to the Government. That decision will be made by the Government, in its sole discretion, after it evaluates the cooperation. If the Government decides to file a motion that the Court may depart pursuant to USSG § 5K1.1 of the sentencing guidelines, the Government will file a motion at a time determined by the Government, and only after the Government evaluates the entire cooperation of the defendant. The defendant understands the motion could be filed prior to or at sentencing. After sentencing, any such motions would be governed by Rule 35 of the Federal Rules of Criminal Procedure.

2. The Government also agrees that any statements or testimony given by the defendant after the date of this letter, pursuant to questions asked by law enforcement agents or prosecutors as a result of this agreement, will not be used against him, including in connection with sentencing under USSG § 1B1.8. However, all parties understand that the United States may make derivative use of such statements or testimony and may pursue investigative leads therefrom, and will not be required at any time to prove an independent source at any Kastigar or other hearing held thereon. This agreement not to use statements or testimony does not apply to crimes of violence. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, such statements and testimony can be used for all purposes, and he faces additional charges involving false statements and perjury.

The Honorable Carl J. Barbier
October 9, 2008
Page 5


**H.**     **FORFEITURE**

    The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Superseding Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Superseding Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.

    The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his/her possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The Honorable Carl J. Barbier
October 9, 2008
Page 6

I.  **NO SIDE AGREEMENTS**

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government. There are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

**JIM LETTEN**
United States Attorney

_____
**MICHAEL W. MAGNER**
Assistant United States Attorney

_____
**GREGORY M. KENNEDY**
Assistant United States Attorney

_____
**DANIEL P. FRIEL**
Assistant United States Attorney

_____
John Wilson Reed, Esq.
Attorney for the Defendant

_____
Derrick D.T. Shepherd
Defendant

10/9/08
Date

10/9/08
Date