✎AO 245B  (Rev. 06/05) Judgment in a Criminal Case
      Sheet 1

# UNITED STATES DISTRICT COURT

DISTRICT   LOUISIANA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| DERRICK D.T. SHEPHERD | Case   07-384   "J" |
| | USM Number:   30609-034 |
| | JOHN REED AND ROBERT GLASS |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 25  of the Superseding Indictment on October 10, 2008.

☐ pleaded nolo contendere to       which was accepted by the court.

☐ was found guilty on       after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Count** |
|---|---|---|
| 18 U.S.C. §1956(h) | MONEY LAUNDERING | 25 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on  

☒ Count(s)  1 through 6 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**COURT REPORTER: CATHY PEPPER**

FEBRUARY 11, 2010
Date of Imposition of Judgment

**ASST. U. S. ATTORNEYS: MICHAEL MAGNER, GREGORY KENNEDY, DANIEL FRIEL**

*Signature of Judge*

**PROBATION OFFICER: DAVID L. ARENA**

Carl J. Barbier, United States District Judge
Name and Title of Judge

**COURTROOM DEPUTY: TANYA LEE**

FEBRUARY 12, 2010
Date

**CERTIFIED AS A TRUE COPY**

**ON THIS DATE**  

**BY:**  

   **Deputy Clerk**

AO 245B   (Rev. 06/05) Judgment in Criminal Case
   Sheet 2 — Imprisonment

|  |  |
|---|---|
| **DEFENDANT:**  **DERRICK D.T. SHEPHERD** | Judgment — Page __2__ of __5__ |
| **CASE NUMBER:** **07-384   "J"** |  |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 37 months as to Count 25 of the Superseding Indictment.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 12:00 noon on _____ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page  3  of  5

DEFENDANT:         DERRICK D.T. SHEPHERD
CASE NUMBER:   07-384   "J"

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years as to Count 25 of the Superseding Indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime.

## SPECIAL CONDITIONS OF SUPERVISION

The following special conditions are imposed:
1) The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.
2) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
3) The defendant shall provide the probation officer with access to any requested financial information.
4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.
5) The defendant shall participate in an orientation and life skills program as directed by the probation officer.
6) The defendant shall participate in a program of testing and/or treatment for alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.
7) The defendant shall cooperate in the collection of a DNA sample, pursuant to the DNA Analysis Backlog Elimination Act of 2000, and subsequent amendments.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant must comply with the standard conditions that have been adopted by this court as shown below, and shall not possess a firearm.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
      Sheet 5 — Criminal Monetary Penalties

Judgment — Page 4 of 5

DEFENDANT: DERRICK D.T. SHEPHERD
CASE NUMBER: 07-384 "J"

# CRIMINAL MONETARY PENALTIES

✔   The defendant must pay any imposed fine or restitution under the schedule of payments on Sheet 6.

☐   The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 45,000.00 | $ |

✔   **The special assessment is due immediately.**

☐   The determination of restitution is _____. An *Amended Judgment in a Criminal Case* (AO 245C) after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ | |
|---|---|---|---|

☐   Restitution amount ordered pursuant to plea _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the   ☐ fine    ☐ restitution.

    ☐   the interest requirement for the   ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO   (Rev. 06/05) Judgment in a Criminal Case
     Sheet 6 — Schedule of Payments

Judgment — 5 of 5

DEFENDANT: DERRICK D.T. SHEPHERD
CASE NUMBER: 07-384  "J"

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment _____ due immediately, balance due

   ☐  not later _____ , or
   ☐  in accordance  ☐ C  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be  ☐C,  ☐D,  ☐F below); or

**C**  ☐  Payment in equal monthly installments of $ ___ , to commence ___ ; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ✔  Special instructions regarding the payment of criminal monetary penalties:

   THE PAYMENT OF THE FINE OF $45,000.00 SHALL BEGIN WHILE THE DEFENDANT IS INCARCERATED.
   UPON RELEASE, ANY UNPAID BALANCE SHALL BE PAID AT A RATE OF $1,000.00 PER MONTH.
   THE PAYMENT IS SUBJECT TO INCREASE OR DECREASE, DEPENDING ON DEFENDANT'S ABILITY TO PAY.
   THE SPECIAL ASSESSMENT IS ORDERED DUE IMMEDIATELY.

✔

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.