```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 07-384

DERRICK D.T. SHEPHERD                       SECTION: J(2)
```

**ORDER AND REASONS**

Before the Court are Petitioner **Derrick Shepherd's Motion to Vacate Sentence under 28 U.S.C. § 2255 (Rec. Doc. 478)**, the **Government's Opposition (Rec. Doc. 515)**, and Petitioner's **Reply in Support (Rec. Doc. 525)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

On April 10, 2008, the Federal Grand Jury returned an indictment charging Petitioner, who was then serving as a Louisiana State Senator, with conspiracy to commit fraud, mail fraud, and conspiracy to commit money laundering.

Petitioner was initially represented by Attorney Clarence Roby. Subsequently, on May 16, 2008, Petitioner filed a motion to enroll additional counsel, John Wilson Reed and Robert Glass, and the Court granted the motion on the same day.

On October 7, 2008, at a status conference with the Court at which all counsel and Petitioner were present, counsel for the Government informed the Court that a potential conflict between Roby and Petitioner existed and requested that Roby voluntarily

1

withdraw from the case. Reed advised the Court that Roby would not voluntarily withdraw and that he would not waive any conflict on Petitioner's behalf. However, the following day, October 8, 2008, Reed filed under seal a motion to withdraw Roby, which the Court granted the same day.

On October 10, 2008, Petitioner pled guilty pursuant to a plea agreement. Sixteen months later, on February 11, 2010, Petitioner, represented by Reed, was sentenced to a thirty-seven month term of imprisonment.

## THE PARTIES ARGUMENTS

In his Motion to Vacate Sentence under § 2255, Petitioner challenges his sentence on three grounds. First, he alleges that he was denied effective assistance of counsel because his attorney, Clarence Roby, had a conflict of interest. Second, he argues that he was denied effective assistance of counsel because his counsel did not object to the government's failure to file a motion for downward departure. Third, Petitioner claims his counsel was ineffective in failing to object to a two-level increase for obstruction of justice and in failing to file a notice of appeal.

The Government responds that Petitioner waived his right to collaterally challenge his sentence in his plea agreement and is precluded from attacking his guilty plea on direct review. Moreover, the Government contends that Petitioner fails to

establish ineffective assistance of counsel. According to the Government, Roby withdrew from representing Petitioner prior to Petitioner pleading guilty, thus negating any potential conflict. The Government argues that Petitioner has not shown that Reed's performance was ineffective or that he was prejudiced from Reed's representation.

Additionally, the Government avers that filing an objection to the Government's failure to file a § 5K1.1 motion for downward departure and to the two-level enhancement for obstruction of justice would have been meritless. Lastly, according to the Government, Petitioner does not state that he actually instructed Reed to file a notice of appeal, and therefore Petitioner's challenge on this issue fails.

In his Reply (Rec. Doc. 525), Petitioner withdraws his challenge regarding his counsel's failure to file a notice of appeal.

**DISCUSSION**

After reviewing the submissions of the parties, the Court concludes that Petitioner's challenges fail for three independent reasons. First, Petitioner waived his right to collaterally challenge his sentence in his plea agreement. Second, Petitioner failed to raise his arguments on direct review and is therefore procedurally barred from raising them on collateral review. And, third, even if Petitioner's challenge was properly before this

3

Court, Petitioner's ineffective-assistance-of-counsel claims are meritless.

"A defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary." United States v. McCray, 2009 WL 1380304, at *3 (E.D. La. May 13, 2009) (citing United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). In other words, the defendant must "understand[] the nature of the right and how it would likely apply in general in the circumstances." McCray, 2009 WL 1380304, at *3 (citing United States v. Ruiz, 536 U.S. 622, 629-30 (2002).

At Petitioner's rearraignment, during which he was ably represented by criminal-defense attorneys Reed and Glass, Petitioner indicated that he read and understood the plea agreement, which contained an unambiguous waiver of appeal.[1] Petitioner's plea agreement clearly stated:

> The defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his conviction and/or his sentence in any

---

[1] Additionally, Petitioner himself is an experienced attorney, having graduated from Loyola Law School and practiced law in New Orleans. Even if Petitioner were not an attorney, the Court finds that the waiver was knowing and voluntary.

4

> collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver and appeal and collateral challenge rights or the validity of the guilty plea itself.

The Court concludes that Petitioner has not made a colorable argument that his waiver was involuntary, and accordingly, the Court finds that the waiver is valid and enforceable, precluding Petitioner's challenges.

The Fifth Circuit has held that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." White, 307 F.3d at 343. Petitioner's conflicted attorney withdrew before Petitioner pled guilty, and Petitioner had conflict-free counsel at the time of his rearraignment. During his Rule 11 colloquy with the Court, Petitioner never gave any indication that his plea was anything other than knowing and voluntary. Moreover, the Court notes that Petitioner was aware of his previous counsel's conflict prior to his rearraignment, and notwithstanding that knowledge, Petitioner represented to the Court that his plea was knowing and voluntary. Accordingly, Petitioner's valid plea and waiver procedurally bar him from raising his ineffective-assistance-of-counsel arguments.

Notwithstanding this ground for denying Petitioner's motion, Petitioner faces another fatal procedural bar because he failed

to raise his challenges on direct review. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted). Because Petitioner did not raise his challenges on direct review, he must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994).

Petitioner has failed to demonstrate that any ineffective assistance should invalidate his guilty plea or his decision to waive his appeal and collateral challenge rights. Petitioner has pointed to no obstacle preventing him from raising a challenge to the validity of his plea on direct appeal. The Court notes that sixteen months passed between Petitioner's rearraignment and sentencing. "In an 'extraordinary case,' however, 'in which a constitutional violation has probably resulted in the conviction of one who is actually innocent,' the Supreme Court has recognized a narrow exception to the cause and prejudice test." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted). Petitioner's case does not fall within this narrow exception, as he has provided no evidence (nor has he even made an allegation) to cast a shadow of doubt on his guilt of the

crimes to which he pled guilty. Accordingly, the Court concludes that Petitioner's challenges fail because of he did not raise them on direct appeal.

However, Petitioner's arguments are not simply procedurally flawed. His arguments also lack substance.

The burden of proof in habeas proceedings alleging ineffective assistance of counsel is on Petitioner. United States v. Chavez, 193 F.3d 375, 378 (5th Cir.1999) (citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir.1994)). Specifically, Petitioner must prove two separate components. First, Petitioner must show that counsel's performance was deficient in that the errors made by counsel were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, Petitioner must show that the deficient performance prejudiced the defense, the errors made by counsel being "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

In determining whether counsel was deficient, this Court must apply a highly deferential standard to the examination of counsel's performance. Id. at 689. The analysis starts with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

7

circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted). When deciding an actual ineffectiveness claim, this Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.

To show prejudice resulting from counsel's deficient performance, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

However, because both the deficiency of performance and the prejudice components are necessary to a claim of ineffective assistance of counsel, there is no need for the Court to address both components if a finding is made that the petitioner has made an insufficient showing on one. Id. at 697. Further, the Court need not determine whether counsel's performance was deficient before examining whether the defendant suffered prejudice. Id. In fact, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id.

In his Motion to Vacate Sentence under § 2255, Petitioner challenges his sentence on three grounds. First, he alleges that he was denied effective assistance of counsel because his

attorney, Clarence Roby, had a conflict of interest. Second, he argues that he was denied effective assistance of counsel because his counsel did not object to the government's failure to file a motion for downward departure. Third, Petitioner claims his counsel was ineffective in failing to object to a two-level increase for obstruction of justice and in failing to file a notice of appeal.

Petitioner's first argument regarding his conflicted attorney fails. His conflicted attorney withdrew on October 8, 2008, before Petitioner pled guilty on October 10, 2008. Petitioner knew of his counsel's conflict before his counsel withdrew, as indicated by the transcript of a status conference with the Court on October 7, 2008. Petitioner did not continue his rearraignment, rather he entered a knowing and voluntary plea while represented by able conflict-free counsel. Moreover, Petitioner has not demonstrated that his plea was tainted by his former counsel's conflict.

Petitioner's cite to Cuyler v. Sullivan, 446 U.S. 335 (1980) does not persuade the Court to an alternate conclusion. Cuyler explains that "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." Id. at 349-50. However, the situations Cuyler addressed were those in which a conflicted counsel represented a client through trial. Petitioner

can make no such analogy. He had conflict-free counsel at the time of his rearraignment and sentencing. The Court concludes that Petitioner has not alleged a meritorious argument that his representation at the time of his plea was deficient.

Nor has Petitioner advanced a colorable argument that his counsel were deficient in failing to object to the government's failure to file a motion for downward departure. As the Government points out, the Government alone has discretion to file this motion. The Court concludes that Reed and Glass were not deficient in failing to object to the Government's decision not to file a motion for downward departure.

Likewise, because Petitioner admitted during his rearraignment that he presented falsified documents to the Grand Jury, the Court concludes that Reed and Glass were not deficient in failing to object to a two-level increase for obstruction of justice. Lastly, although Petitioner has withdrawn his challenge regarding his counsel's failure to file a notice of appeal, the Court concludes that his argument would have also been meritless—as Petitioner has not alleged that he instructed Reed or Glass to file a notice on his behalf nor as he alleged he was unaware of the ten-day time limit.

**IT IS ORDERED** that Petitioner **Derrick Shepherd's Motion to Vacate Sentence under 28 U.S.C. § 2255 (Rec. Doc. 478)** is hereby **DENIED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that Petitioner's **Motions for Summary Judgment (Rec. Doc. 511, 521, and 526)**, and **Motion for Release on Bond (Rec. Doc. 527)** are hereby **DENIED AS MOOT.**

New Orleans, Louisiana, this 9th day of May, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT COURT

11