U. S. DISTRICT COURT
Eastern District of Louisiana

FILED  MAY 1 6 2011

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| United States of America | § § § § § § § § § § § § | Criminal No.: 07-384<br><br>Section: "J" |
| v. | | |
| Derrick Shepherd | | |

**MOTION TO ALTER OR AMEND THE JUDGMENT UNDER FED. R. CIV. P. 59(e)**

Now into Court comes Movant, Derrick Shepherd, pro se, in the above captioned matter, and respectfully urges this Honorable Court to conduct an Evidentiary Hearing on his 28 U.S.C. § 2255 Motion To Vacate, Set Aside, or Correct Sentence. In support of this request, the Movant respectfully refers this Court to the arguments and authorities set forth in his Memorandum of Law in support of his 28 U.S.C. § 2255 Motion, as well as his reply to the Government's answer to said Motion, and further states:

I.

28 U.S.C. § 2255 provides, in pertinent part, that "unless the § 2255 Motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

Court shall cause notice thereof to be served upon the U.S. Attorney, and grant a prompt hearing thereon ... ."

II.

The Fifth Circuit will require a District Court to order an Evidentiary Hearing when the motion and the files and the records of the case do not conclusively show that the prisoner is entitled to no relief. <u>United States v. Drummond</u>, 910 F.2d 284, 285 (5th Cir. 1990)(quoting § 2255). Furthermore, the Fifth Circuit has stated that contested fact issues ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record. <u>United States v. Hughes</u>, 635 F.2d 449, 451 (5th Cir. 1981).

III.

In the instant case, the allegations proffered by the Movant entitle him to § 2255 relief and do not contradict the record. Moreover, the arguments contained in his motion, memorandum and reply identify important issues of fact that were not fully developed at Movant's sentencing hearing. see <u>United States v. Salado</u>, 339 F.3d 285, 291-92 (5th Cir. 2003)(remand to the District Court to further develop record).

III B.

In all due respect your Honor, this Court's ruling that Movant has waived his right to challenge his conviction is incorrect. Movant alleges, with specificity, that he received ineffective assistance directly affecting his plea and waiver itself. See section IV., Paragraph 44, 62b, 67; affidavits # 2 and #3 of Movant's § 2255 Motion. Those allegations alone are sufficient for Movant's arguments to be heard. See United States v. Field, 322 Fed. Appx. 386 (5th Cir. 2009); United States v. Martin, 319 Fed. Appx. 342 (5th Cir. 2009); United States v. Flores, 273 Fed. Appx. 318 (5th Cir. 2008); United States v. Williams, 255 Fed. Appx. 913 (5th Cir. 2007); United States v. Andrade, 242 Fed. Appx. 274 (5th Cir. 2007).

III. C.

Again, in all due respect your Honor, this Court's ruling that Movant is procedurally barred from bringing his § 2255 action because he did not initially file a direct appeal is incorrect. Movant's claim is for ineffective assistance of counsel and the Fifth Circuit has followed the United States Supreme Court on this issue since and before Massaro v. United States, 536 U.S. 500, (2003). See United States v. Miller, 406 F.3d 323, 335-36 (5th Cir. 2005)(as a general rule, we decline to review claims of ineffective assistance of counsel that are raised for the first time on direct appeal). See also United States v. Brewster, 137 F.3d 853, 859 (5th Cir. 1998); United

States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992) and United States v. Lampaziane, 251 F.3d 519, 527 (5th Cir. 2001).

### III D.

Lastly, in all due respect your Honor, Movant requested that this Court grant an evidentiary hearing to determine whether Clarence Roby's actual conflict of interest during the pretrial stages warranted reversal and also if Clarence Roby's actual conflict of interest tainted the representation of John Reed and Robert Glass thereby causing their representation to be conflicted as well. This Court's denial of Movant's request without an evidentiary hearing is incorrect. Movant has made specific allegations which were substantiated by the record of Clarence Roby's actual conflict of interest and of which the Government agrees. See pages 7, 8, 23, 28, 29 and 30 of Government's opposition. Movant alleges that this actual conflict of interest is sufficient to mandate reversal. See paragraphs 19, 20, 21, and 22 of Movant's reply. But this Court failed to rule on these allegations in its May 9th judgment.

Furthermore, Movant alleged that Clarence Roby's actual conflict of interest tainted John Reed and Robert Glass because their representation was that of conflicted counsels as well during the pleading stages. See paragraph 65 on Movant's § 2255 Motion and paragraphs 24-31 of Movant's reply. But, again this Court failed to address these allegations in its May 9th judgment.

Also, Movant alleged and maintained that the Government bargained away its discretion to file a § 5K1.1 Motion. See paragraphs 71-80 of Movant's § 2255 Motion and paragraph 32 of Movant's reply. But again this Court failed to address these allegations in its judgment.

All of these fact allegations are supported by the record of these proceedings. Those records are; uncontested affidavits and authentic hearing transcripts.

Rule 8 of the rules governing § 2255 proceedings states:

> "if the [§ 2255] Motion is not dismissed, the Judge must review the answer, any transcript and records of prior proceedings, and any materials submitted .... to determine whether an evidentiary hearing is warranted." See <u>United States v. Cavitt</u>, 550 F.3d 430, 441-42 (5th Cir. 2008).

Movant is entitled to an evidentiary hearing on an issue presented in his § 2255 Motion if he can provide "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties ....". <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (5th Cir. 1998). Records, documents and videotape [besides affidavits] evidence constitutes an independent indictum of the likely merit of defendants claim. <u>United States v. Cavitt</u>, 550 F.3d 430, 443 (5th Cir. 2008). When facts are at issue in a § 2255 proceeding, the Movant would be entitled to post-conviction relief as a legal matter if his factual allegations are true. <u>Friedman v. United States</u>, 588 F.2d 1010, 1015 (5th Cir. 1979). A 28 U.S.C. § 2255 Petitioner is entitled to an evidentiary hearing on his claims, when he alleges facts that if proven, would entitle him relief. See Rules of § 2255 Motion.

III E.

This Court is not allowed to make fact determinations without the record being developed. That process can only take place through some sort of evidentiary hearing. Movant has made specific allegations. Some of which have not been disputed by the Government. This Court may not simply ignore or doubt those allegations. On the contrary, Movant's allegations must be flushed out for their veracity through a hearing. Movant alleges that he agreed to plead guilty only after being pressured by Roby, Reed, and Glass on October 8, 2008. Movant signed the plea agreement after being pressured by Roby, Reed, and Glass on October 9, 2008. Movant stood before the Court on October 10, 2008 because Roby, Reed, and Glass said to do so. All three were present on the record, including Roby. These allegations have not been refuted. The Court cannot dismiss these facts because the record is void of any evidence to rebut Movant's assertions. To the contrary, the minute entry from October 10, 2008, shows that in fact Roby was present on the record. If Roby was dismissed from representing Movant on the 8th, why was he present on the record, standing next to Movant on the 10th? No one objected, not Reed; not the Government; and nor the Court. Was Roby's presence on the 10th proof of Movant's allegations? Maybe or maybe not. This fact question is precisely one of the reasons why an evidentiary hearing is necessary.

IV.

An Evidentiary Hearing is necessary to investigate whether Movant's counsels labored under an actual conflict of interest that adversely affected their performance. see <u>Salado</u> supra.

V.

Therefore, the Movant respectfully urges this Honorable Court to grant him an Evidentiary Hearing on his 28 U.S.C. § 2255 Motion To Vacate, Set Aside, or Correct Sentence.

Respectfully Submitted,

*/s/ Derrick Shepherd*

Derrick Shepherd
Reg. # 30609-034
P.O. Box 26010
F.P.C. Beaumont   Unit GD
Beaumont, Texas  77720-6010

CERTIFICATE OF SERVICE

I, Derrick Shepherd, certify that I have mailed a true and correct copy of the foregoing Motion to The United States Attorney's Office, 500 Poydras Street, 2nd Floor, New Orleans, Louisiana 70130, first class prepaid postage on this 16th day of May, 2011.

_____
Derrick Shepherd